Dear Mr. May:
You have asked for an opinion from this office regarding the following, to-wit:
In April, 1993 the Claiborne Parish Police Jury requested bids for publishing minutes of Police Jury meetings and other legal notices. There are two local newspapers in the Parish which presumably would compete for the publishing contract by submitting bids thereon. However, apparently in order to avoid competing bids, the newspapers agreed that one paper would submit a bid on the School Board advertising contract and the other would submit a bid on the Police Jury advertising contract. Consequently, only one bid was received on the Police Jury contract which was the maximum amount allowed by law of $5.00 per square. This was an increase of 500% from the current rate of $.98 per square.
You have asked whether such an arrangement is legal.
It is the opinion of this office that, if such an arrangement took place, the collusion between the two newspapers would be in violation of La. R.S. 51:122 which states as follows:
 Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in this state is illegal.
 Whoever violates this section shall be fined not more than $5,000, or imprisoned, with or without hard labor, not more than three years, or both.
An agreement between two newspapers wherein, in order to lessen competition between them and thereby fix an advertising price, each bids on one contract, is just the kind of combination or conspiracy in restraint of trade to which this law is directed. It is therefore the opinion of this office that such an arrangement between the two newspapers, if proven, is illegal.
You have also asked whether the Claiborne Parish Police Jury may use the Shreveport Times as its official journal. The Shreveport Times is published in Caddo Parish. We must advise that such an arrangement is not authorized under the law. La. R.S. 43:142 provides for the requirements and qualifications of the official parish newspaper, one of which is that the newspaper shall be published in an office physically located in the Parish in which the body is located for a period of five years preceding the selection.
Only when there is no newspaper published within a parish may a newspaper from an adjoining parish be designated as the official journal. La. R.S. 43:146.
If we may be of further service in this matter, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: DAVID C. KIMMEL Assistant Attorney General
DCK/jb